Mario N. Alioto (56433)
Lauren C. Russell (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com;
laurenrussell@tatp.com

*Interim Lead Counsel for the
Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC |
|---|---|
| | MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | [~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT WITH CHUNGHWA PICTURE TUBES, LTD.<br><br>Hearing Date: March 15, 2012<br>Time: 2:00 p.m.<br>JAMS: Two Embarcadero Center, Suite 1500<br>Judge: Honorable Samuel Conti<br>Special Master: Charles A. Legge (Ret.) |

Indirect Purchaser Plaintiffs' ("Plaintiffs") request for final approval of the settlement entered into with Chunghwa Picture Tubes, Ltd. ("Settling Defendant") and preliminarily approved by this Court on August 9, 2011 (the "Settlement") (*see* Docket Entry ("DE") 993) came on for hearing before Special Master Charles A. Legge (Ret.) (the "Hearing") on March 15, 2012. The Special Master has considered the relief requested, the papers filed in support

of this motion and in support of the motion for preliminary approval (*see* DE 884),[1] and all other arguments presented at the hearing. Due and adequate notice having been given, and good cause appearing therefor, it is:

**ORDERED, ADJUDICATED AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of the request and all matters relating thereto, including all members of the Class.

2. For purposes of this Order, except as otherwise set forth herein, the Special Master adopts and incorporates the definitions contained in the Settlement.

3. For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23, the Special Master determines that the following settlemnt class (the "Class")[2] be certified:

> All persons and or entities who or which indirectly purchased in the United States CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or co-conspirator thereof, at any time during the period from at least March 1, 1995 through at least November 25, 2007, except, for purposes of claims on behalf of Illinois persons (as defined by 740 ILCS 10/4) under 740 Ill. Comp. Stat. § 10/7(2) and Oregon natural persons under ORS §§ 646.780(5)(a). Such Illinois and Oregon persons (as identified in the preceding sentence) shall instead be represented by the Attorney General of their state pursuant to the *parens patriae* authority granted to each Attorney General by those statutes. Specifically excluded from this Class are claims on behalf of Washington persons (as defined by RCW 19.86.010) for purposes of claims under RCW 19.86.080(1); the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and

---

[1] A copy of the Settlement Agreement is attached as Exhibit 1 to the Declaration of Mario N. Alioto In Support Of Motion For Preliminary Approval Of Class Action Settlement With Chunghwa Picture Tubes, Ltd. *See* DE 884-1.

[2] Pursuant to the Special Master's Report and Recommendations Regarding Proposed Settlement With Chunghwa (DE 970), the Class definition approved by the Court is different from the Class definition in the Settlement Agreement.

judicial staff, and any juror assigned to this action.

4. The Special Master further finds that the prerequisites to a class action under Federal Rule of Civil Procedure 23 are satisfied for settlement purposes in that:

(a) there are thousands of class members and therefore joinder of all members is impracticable;

(b) there are questions of law or fact common to the class which predominate over individual issues;

(c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; and

(d) the class plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

5. Those persons or entities set out in Exhibit 1 attached hereto, have timely and validly requested exclusion from the Class and, therefore, are excluded.

6. Due and adequate notice of the Settlement was provided to the Class, including notice of the Settlement that was disseminated by publications in newspapers, Sunday supplements, direct mail and press releases, as well as postings on the website established for this case, www.CRTsettlement.com. Such notice was given in accordance with this Court's Order Granting Preliminary Approval of Class Action Settlement with Defendant Chunghwa Picture Tubes, Ltd. *See* DE 993. Such notice adequately advised the Class of the Settlement, of their right to exclude themselves from the Class or to object to the Settlement. The manner of giving notice provided in this case fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto. A full and fair opportunity was provided to the members of the Class to be heard regarding the Settlement.

7. One objection to the Settlement was filed by Sean Hull. The objection is

hereby overruled on the grounds that the objector has failed to submit proof or otherwise establish that he is a member of the Class, and therefore lacks standing to challenge the Settlement. Additionally, the objection is otherwise without merit for the reasons set forth in Plaintiffs' Memorandum in Support of Final Approval of Class Action Settlement with Defendant Chunghwa Picture Tubes, Ltd., and as argued at the Final Fairness Hearing.

8. The Settlement is, in all respects, fair, adequate and reasonable to the Class. Accordingly, the Court hereby grants final approval of the Settlement.

Dated: March 21, 2012

Hon. Charles A. Legge (Ret.)

REVIEWED AND [APPROVED ~~OR MODIFIED~~]

Dated: Mar. 22, 2012

Hon. Samuel Conti
United States District Judge

EXHIBIT 1

## REQUESTS FOR EXCLUSION
(All Timely)

| REFERENCE NAME | COMPLETE DESCRIPTION |
|---|---|
| 1. Circuit City Stores | Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, on behalf of itself and Circuit City Stores, Inc. and its affiliated debtors |
| 2. Old Comp | Old Comp Inc. and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to,<br>　Old Comp Inc. (formerly known as CompUSA Inc.)<br>　CompUSA GP Holdings Company<br>　CompUSA Holdings Company<br>　CompUSA Stores L.P.<br>　CompUSA Management Company<br>　CompTeam Inc.<br>　Cozone.com Inc.<br>　BeOn Inc. (formerly known as CompUSA PC Inc.)<br>　BeOn Operating Company (formerly known as CompUSA PC Operating Company)<br>　Computer City Inc.<br>　Good Guys Inc.<br>　Good Guys California, Inc.<br>　Goodguys.com Inc. |
| 3. PBE Consumer Electronics | PBE Consumer Electronics, LLC and related entities |
| 4. Petters Company | Douglas A. Kelley, as Chapter 11 Trustee for Petters Company, Inc. and related entities and as Receiver for Petters Company, LLC and related entities |

| | |
|---|---|
| 5. RadioShack | RadioShack Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to, RadioShack Corporation |
| 6. Sears | Sears, Roebuck and Co. and Kmart Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to,<br>    Sears, Roebuck and Co.<br>    Sears Holding Corporation<br>    Sears Holdings Management Corporation<br>    Kmart Corporation<br>    Kmart Management Corporation<br>    Kmart Holdings Corporation |
| 7. Target | Target Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to, Target Corporation |
| 8. ViewSonic | ViewSonic Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to,<br>    ViewSonic Corporation<br>    ViewSonic International Corporation<br>    ViewSonic Display Limited<br>    ViewSonic Hong Kong Limited |
| 9. Wal-Mart | Wal-Mart Stores, Inc. and its subsidiaries and affiliates, including but not limited to Wal-Mart Stores East, LP; Wal-Mart Stores Texas, LLC; Wal-Mart Louisiana, LLC; Wal-Mart Stores Arkansas, LLC; and Walmart.com USA, LLC (collectively operating as Walmart); and Sam's West, Inc. and Sam's East, Inc. (collectively operating as Sam's Club) |
| 10. Rhodrick Harden | Rhodrick Harden from Columbus, Ohio |